IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | COMPLAINT |
| REDC DEFAULT SOLUTIONS, LLC. | } } } } } | **JURY TRIAL DEMANDED** |
| Defendant. | } } | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Terria Wiley who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission") alleges that REDC Default Solutions, LLC ("Defendant") failed to provide Ms. Wiley, a qualified individual with a disability, with a reasonable accommodation after she suffered a stroke. Further, the Defendant terminated Ms. Wiley instead of providing that accommodation, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant has been and is now doing business in the State of Texas and the City of Dallas, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Terria Wiley filed a charge with the Commission alleging violations of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since April 2011, the Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Ms. Wiley with the reasonable accommodation of an additional period of leave after she suffered a stroke in March 2011.  Ms. Wiley requested approximately one month of additional leave, but the Defendant denied that request and terminated Ms. Wiley's employment in April 26, 2011. Ms. Wiley is a qualified individual with a disability.  In September 2010, Ms. Wiley was hired by the company as an Asset Manager. At the time of her termination, Ms. Wiley's disability substantially limited her in major life activities, including but not limited to walking and seeing. At the time of her termination, Ms. Wiley used a walker, and had partial vision in her left eye.

9. Both Ms. Wiley and her treating physician notified the Defendant of Ms. Wiley's disability and her need for a reasonable accommodation in order to perform the essential functions of the job, and provided information as to an expected date of return to work.

10. Because Ms. Wiley's disability prevented her from returning to work without being granted additional leave, and because Defendant failed or refused to grant Ms. Wiley's request for that reasonable accommodation, Ms. Wiley's employment with the Defendant was terminated.

11. The effect of the practices complained of in paragraphs 8-10, above, has been to deprive Terria Wiley of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

12. The unlawful employment practices complained of in paragraphs 8-10 were intentional.

13. The unlawful employment practices complained of in paragraphs 8-10 were committed with malice or reckless indifference to the federally protected rights of Ms. Wiley.

14.     The effects of the practices complained of in paragraphs 8-10 have resulted in emotional pain, suffering, and inconvenience upon Charging Party and deprive her of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.      Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order the Defendant to make whole Terria Wiley, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D.      Order the Defendant to make Terria Wiley whole by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, including but not limited to job hunting expenses.

E.      Order the Defendant to make Terria Wiley whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, including but not limited to, humiliation, emotional pain and suffering, anxiety,

stress, depression, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendant to pay Terria Wiley punitive damages for its conduct done by Defendant with malice or reckless indifference to the federally protected rights of Ms. Wiley, described and referenced above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel


/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470


/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749